STATE v. BRADFORD.

No. 4850. Decided July 22, 1929. (280 P. 733.)
Rehearing Denied October 1, 1929.

*E. R. Callister,* of Salt Lake City, for appellant.

*George P. Parker,* Atty. Gen., and *L. A. Miner,* Asst. Atty. Gen., for the State.

STRAUP, J.

The defendant was convicted of violating an act relating to the "Practice of Medicine and Surgery." He was sentenced to pay a fine in the sum of $300 and imprisonment in the county jail for a period of 100 days. He appeals.

The only question presented on appeal is the sufficiency of the information. It is claimed by him that the information does not state facts sufficient to show the ■ commission of a public offense.

The act, Laws Utah 1921, c. 91, § 1, provides that "no person shall practice medicine and surgery or any of the branches thereof, or any system or method of treating human ailments without the use of drugs or medicine and without operative surgery, or obstetrics, without a license so to do." Section 2 provides that no person shall hereafter "be licensed to practice medicine or any other system or method of treating human ailments, or obstetrics, unless he shall pass a satisfactory examination," as in the act provided. Section 3, subd. 3, of the act requires each applicant

for examination in his application, among other things, to designate whether "he desires to practice medicine and surgery in all their branches, or to treat human ailments without the use of drugs or medicines and without operative surgery and, if he desires to treat human ailments without the use of drugs or medicines and without operative surgery, the designation shall be in accordance with the tenets of the professional school, college or institution of which he is a graduate."

Laws Utah 1925, c. 124, § 4, prescribes a minimum standard for professional education: (1) For the practice of medicine and surgery in all their branches; (2) the practice of osteopathy; and (3) "for the practice of any other system or method of treating human ailments without the use of drugs or medicine, and without the use of operative surgery." This section also provides that in making an application for an examination and for a license to practice the applicant is required to designate under what method or system he desires to practice, whether to practice medicine and surgery in all their branches, or osteopathy, or for the practice of any other system or method of treating human ailments without the use of drugs or medicine and without the use of operative surgery. The act thus prescribes that one may be licensed to practice under any of the three stated methods or systems. Laws Utah 1925, c. 124, § 19, further provides: "Any person who, not being then licensed to practice medicine and surgery in all their branches, shall practice medicine or surgery, or shall advertise himself as a doctor or physician; or who not being then licensed to practice as an osteopathic physician or osteopathic physician and surgeon shall practice as an osteopathic physician or surgeon; or who, not being then licensed to practice the treatment of human ailments without the use of drugs or medicine and without operative surgery, shall treat human ailments without the use of drugs or medicine and without operative surgery, or shall advertise himself as such practitioner; or who being licensed to treat human ailments with-

out drugs or medicines and without operative surgery shall treat human ailments with drugs or medicine or with operative surgery," is guilty of a misdemeanor.

The information charged that the defendant on February 11, 1928, at the county of Salt Lake, state of Utah, "being not then and there licensed by the State of Utah to practice the treatment of human ailments without the use of drugs or medicine and without operative surgery, did then and there, willfully and unlawfully, practice the treatment of human ailments without the use of drugs or medicine and without operative surgery, by then and there giving treatments to one C. D. Barker, a person sick of a human ailment, by prescribing and personally administering a preparation known as gland oil by pouring it on diseased tissue of the body of the said C. D. Barker," contrary to the statute in such case made and provided.

The point made is that under our statute an information is required to contain "a statement of the acts constituting the offense in ordinary and concise language and in such manner as to enable a person of common understanding to know what is intended" and must state "the offense charged and the particular circumstances of the offense, when they are necessary to constitute a complete offense," and that the information did not sufficiently comply with such requirement.

The reasons given therefor are that it is not charged in the information that the defendant "was practicing medicine or surgery without a license"; that it is charged he treated a human ailment "by means of a preparation known as gland oil without having a license to treat human ailments without the use of drugs or medicine and without operative surgery"; that had the information charged that the defendant "practiced medicine without a license and that gland oil was a medicine," and that the defendant treated a human ailment with it, the commission of a public offense would have been stated, but that without such allegations no offense is charged.

The information may not be a model, but we think it sufficiently stated the acts constituting the offense in such language and in such manner as to enable the defendant to understand what was intended and what by the information it was claimed he did and what acts were committed by him. Such acts so charged are that without being licensed to practice the treatment of human ailments without the use of drugs or medicine and without operative surgery, the defendant practiced the treatment of a human ailment without the use of drugs or medicine and without operative surgery by giving treatments to a person named suffering from an ailment, by prescribing, administering, and pouring gland oil on diseased tissues of the body of such person. While it is not specifically charged that "gland oil" is not a drug or medicine, yet, from what is charged, it is reasonably inferable that gland oil was not a drug or medicine. It also is reasonably clear that the information does not proceed on the theory that the defendant was practicing medicine or surgery in some or all of its branches, but that he, without a license, practiced a system or method of treating human ailments without the use of drugs or medicine by prescribing, administering, and pouring gland oil on diseased tissues of the body of a person suffering from an ailment, treating human ailments by such means and in such manner. Upon such theory, to state a public offense under the act it was not essential to state in the information that the defendant also was unlicensed to practice or treat human ailments by the use of drugs or medicine. It was enough to state that he was unlicensed to do what he was alleged to have done.

Under the allegations contained in the information, it, on behalf of the state, was competent to give evidence that gland oil is not a drug or medicine; that the defendant by the use of gland oil practiced a system or method of treating human ailments without the use of drugs or medicine and as in the information alleged. And the defendant could have given evidence that gland oil is a drug

or medicine and that he was licensed to practice medicine and surgery in all their branches. The giving of such evidence by the defendant would be a complete defense against the charge. The giving of evidence that gland oil is a drug or medicine and as such was used by the defendant in treating a human ailment, but that he was unlicensed to practice or treat ailments by the use of drugs or medicine, would not help him. Upon the information a judgment on a verdict of guilty or not guilty would bar all other prosecutions of the defendant for treatments of ailments of the person named in the information committed prior to the time alleged in the information, whether such treatments were by a method or system with or without drugs or medicine or by any other method or system. In other words, the defendant having been convicted of the offense as charged in the information could not thereafter be prosecuted for, prior to the time alleged in the information, treating the person named in the information for a human ailment with a drug or medicine without a license.

After all, the real gist of the offense stated in the information is that the defendant, without a license, unlawfully treated a person named in the information for an ailment suffered by him. The time, place, person treated, means and method employed in the treatment, and the circumstances thereof, are all sufficiently alleged to enable the defendant to fully understand just what was claimed he did. The information alleging that the defendant committed such acts unlawfully and without a license stated, as we think, a public offense.

The judgment therefore affirmed.

CHERRY, C. J., ELIAS HANSEN and FOLLAND, JJ., and GEORGE S. BARKER, District Judge, concur.

EPHRAIM HANSON, J., being disqualified, did not participate herein.